IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.                                       NO. 13-50013-002

MARIA GUTIERREZ-TORRES                                                       DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the Court is Defendant Maria Gutierrez-Torres' 28 U.S.C. § 2255 motion. (Doc. 66.) For the reasons stated below, the undersigned recommends that the motion be denied.

On May 29, 2013, Defendant pled guilty to distributing more than five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 30.) On October 3, 2013, she was sentenced to 78 months imprisonment. (Doc. 54.) On February 11, 2015, an order was entered reducing this sentence to 63 months pursuant to Amendment 782 to the United States Sentencing Guidelines. (Docs. 59, 60.)

In the motion now before the Court, Defendant argues that she is entitled to a minor role reduction in her sentence based on Amendment 794 to the United States Sentencing Guidelines, which modified the commentary to Sentencing Guideline § 3B1.2 to address inconsistencies in the application of the guideline and to provide the district courts with additional guidance in determining whether they should grant minor role adjustments. Amendment 794 took effect on November 1, 2015, after Defendant was sentenced. Defendant cites the Ninth Circuit case of

-1-

United States v. Quintero-Leyva, 823 F.3d 519 (9th Cir. 2016), which held that Amendment 794 applied retroactively to cases on direct appeal.

It appears that the motion filed by the Defendant is a type of form motion that is being filed by inmates throughout the Bureau of Prisons. The motion has been uniformly denied as without merit by district courts across the country. See e.g., United States v. Hunley, Nos. 7:14CR00050, 7:16CV81151, 2016 WL 4523417 (W.D. Va. Aug. 26, 2016); Griselda Ruiz-Loya v. United States, Nos. EP-16-CV-405-KC, EP-CR-304-KC-1, 2016 WL 5717881 (W.D. Tex. Sept. 30, 2016); United States v. Juana Reyes-Cordova, No. 15-CR-0087, 2016 WL 5348575 (D. Minn. Sept. 23, 2016); United States v. Yanez, Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541 (S.D. Cal. Aug. 11, 2016); Sandidge v. United States, No. 16-cv-00871-JPG (S. D. Ill. Aug. 5, 2016).

As held by these other courts, Defendant is not entitled to relief under § 2255, as she is not asserting any grounds for relief cognizable under § 2255(a). Section 2255(a) authorizes a sentencing court to "vacate, set aside or correct" a sentence that was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The claimed violation must be a fundamental defect which inherently results in a complete miscarriage of justice. Gray v. United States, No. 15-3223, 2016 WL 4363164, at *3 (8th Cir. Aug. 16, 2016). Anything less is not cognizable under § 2255. Id. As held by other courts that have addressed § 2255 motions predicated upon Amendment 794, claims for a reduction in sentence based on the retroactive application of amendments to the guidelines are not cognizable under § 2255. See Hunley, 2016 WL 4523417, at * 1; Ruiz-Loya, 2016 WL 5717881, at *3; Yanez, 2016 WL 4248541, at *1; Sandidge, 2016 WL 4154929, at *2.

The type of claim brought by Defendant must be brought under 18 U.S.C. § 3582. See id. Even construing Defendant's motion as seeking a sentencing reduction under § 3582, however, she is not entitled to relief, as the United States Sentencing Commission did not make Amendment 794 retroactive to all cases. See id.; USSG § 1B1.10(d) (2015) (listing retroactive guideline amendments). Defendant's reliance on Quintero-Leyva, a Ninth Circuit case which is not binding on this Court, is misplaced, as Quintero-Leyva did not make Amendment 794 retroactively applicable to cases on collateral review, but only to cases on direct review.

Based upon the forgoing, the undersigned recommends that Defendant's **§ 2255 motion (Doc. 66)** be **DISMISSED WITH PREJUDICE**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 11th day of October, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**